IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA | Case No.: 3:21-cv-00011-GFVT-EBA |
| Plaintiff | |
| v. | **AMENDED THIRD PARTY COMPLAINT** |
| LOUISVILLE MECHANICAL SERVICES, INC. | |
| Defendant | |
| v. | |
| LG ELECTRONICS USA, INC.<br>Serve agent:<br>   Corporation Service Company<br>   421 West Main Street<br>   Frankfort, Ky 40601 | |
| And | |
| STEEL TECHNOLOGIES, LLC<br>Serve agent:<br>   Corporation Service Company<br>   421 West Main Street<br>   Frankfort, Ky 40601 | |

\*\*\*\*\*\*\*\*\*\*\*

Comes now Defendant, Louisville Mechanical Services Inc., by and through its undersigned counsel, and as its Third-Party Complaint pursuant to the Federal Rules of Civil Procedure, Rule 14 (a)(1) against LG Electronics USA, Inc. and Steel Technologies, LLC avers as follows:

1. Third-Party Plaintiff, Louisville Mechanical Services, Inc. is a Kentucky corporation with its principal place of business located at 11121 Plantside Dr., Louisville, Kentucky 40299.

2. Third-Party Defendant LG Electronics USA, Inc. was incorporated in the State of Delaware on August 7, 1978 and at all pertinent times its principal place of business has been located at 1000 Sylvan Ave., Englewood Cliffs, N.J 07632.

3. Third-Party Defendant LG Electronics USA, Inc. has been registered to do business in the State of Kentucky continually since January 31, 2000 and its registered Agent is Corporation Service Company, 421 West Main St. Frankfort, Ky. 40601.

4. Third-Party Steel Technologies LLC was registered to do business in the State of Kentucky on September 29, 2005 and at all pertinent times its principal place of business has been located at 15415 Shelbyville Road, Louisville, Ky. 40245.

5. The registered agent for Third-Party Steel Technologies LLC is National Registered Agents Inc. 421 West Main Street, Frankfort, KY 40601.

6. On March 25,2021, Plaintiff filed a Complaint against this Defendant/Third-Party Plaintiff alleging, among other things, that Defendant was negligent in installing an LG Air Conditioning unit at the Ghent Kentucky steel processing plant owned and operated by Third-Party Defendant Steel Technologies, LLC. which allegedly caused a fire at the plant on April 22, 2019 for which Plaintiff allegedly paid out insurance proceeds in the amount of Forty Million Dollars.  A copy of the Complaint is attached as Exhibit 1 and incorporated by reference as if fully rewritten herein, not for the purpose of alleging the veracity of Plaintiff's allegations, but instead for the purpose of making this Third-Party Complaint.

7. Defendant/Third Party Plaintiff denies Plaintiff's allegations of negligence in the installation of the LG Air Conditioner and that the installation of the air conditioner was the cause and origin of the fire at said steel processing plant. However, to the extent Plaintiffs are successful in proving the cause and origin of the fire was with the LG Air Conditioner then the Third-Party Defendants are liable to the Third-Party Plaintiff.

## **NEGLIGENCE OF STEEL TECHNOLOGIES, LLC**

8. Third-Party Plaintiff reavers the allegations in paragraph 1 through and including paragraph 9 of the Third-Party Complaint as though fully set forth herein.

9. Third-Party Steel Technologies LLC was the owner and operator of a steel processing plant located 3985 U.S. Highway 42 West in Ghent, Kentucky 41045-9501 at all pertinent times.

10. Third-Party Defendant had a duty to select the proper air conditioning unit to be used in the commercial environment and to properly initially install and wire the indoor and outdoor units for the LG Air Conditioning unit that is the subject matter of Plaintiff's Complaint and to properly maintain, inspect, repair all machinery and electronics on the premises of said steel processing plant, including but not limited to the LG Air Conditioner that is the subject of Plaintiff's Complaint.

11. Defendant/Third-Party Plaintiff denies that the LG Air Conditioner caused the fire and damages alleged by Plaintiff in its Complaint, however, to the extent Plaintiff is successful in proving such claim, Third Party Steel Technologies, LLC

3

breached its duty to select the proper air conditioning units for the commercial environment, to properly originally install and wire the indoor and outdoor units and properly maintain, inspect, and/or repair the LG Air Conditioning units in the steel processing plant in Ghent.

12. Defendant/Third-Party Plaintiff denies it was negligent in the installation of any portion of the LG Air Conditioner unit at issue or that the LG Air Conditioner was the cause of the fire and Plaintiff's damages at the steel processing plant however, should Plaintiff prove it was the LG Air Conditioner that caused its damages, the foregoing negligent acts and omissions of Third Party Defendant Steel Technologies, LLC proximately caused and/or substantially contributed to the fire and the damages alleged by Mitsui Sumitomo Insurance Company of America in its Complaint against Third-Party Plaintiff Louisville Mechanical Services, Inc.

13. Pursuant to KRS §412.030, if Third-Party Plaintiff is found responsible for the damages alleged by Mitsui Sumitomo Insurance Company of American then Third-Party Defendant is liable for contribution to Third-Party Plaintiff as a result of Third-Party Defendant's negligence causing and/or substantially contributing to those damages.

**PRODUCTS LIABILITY OF LG ELECTRONICS USA, INC.**

14. Third-Party Plaintiff reavers the allegations in paragraph 1 through and including paragraph 13 of the Third-Party Complaint as though fully set forth herein.

4

15. Third-Party Defendant LG Electronics USA, Inc. manufactured, constructed, designed and/or formulated a certain LG Model LSN120HXV Air Conditioner that it marketed to consumers in the United States.

16. Defendant/Third-Party Plaintiff denies that it's installation of the inside condenser portion and outside unit of the LG Air Conditioner was negligent, or that the LG Air Conditioner caused the fire and damages alleged by Plaintiff in its Complaint, however, to the extent Plaintiff is successful in proving the LG Air Conditioner was the cause of the fire and damages to Plaintiff, Third Party Defendant LG Electronics USA, Inc is liable for placing a defective LG Air Conditioner into the stream of commerce that ultimately was installed in the steel processing plant in Ghent.

17. Defendant/Third-Party Plaintiff denies that it's installation of the inside condenser portion and outside unit of the LG Air Conditioner was negligent, or that the LG Air Conditioner caused the fire and damages alleged by Plaintiff in its Complaint, however, to the extent Plaintiff is successful in proving the LG Air Conditioner was the cause of the fire and damages to Plaintiff, Third-Party Defendant LG Electronics USA, Inc is liable for the defect in the LG Air Conditioner which proximately caused and/or substantially contributed to the damages alleged by Mitsui Sumitomo Insurance Company of America, Inc. in its complaint against Third-Party Plaintiff Louisville Mechanical Services, Inc.

18. Pursuant to KRS §412.030, if Third-Party Plaintiff is found responsible for the damages alleged by Mitsui Sumitomo Insurance Company of American then Third-Party Defendant is liable for contribution to Third-Party Plaintiff as a

5

result of the defect in Third-Party Defendant's Air Conditioning unit proximately causing and/or substantially contributing to the damages.

WHEREFORE, to the extent Plaintiff is successful in proving its claims for negligence, the Defendant/Third-Party Plaintiff prays for judgment against each of the Third-Party Defendants in an amount to be proven at trial with interest, costs, attorney's fees and any other such relief which this Court may deem proper.

Respectfully submitted,

 */s/ Patricia J. Trombetta*
PATRICIA J. TROMBETTA (93008)
THOMAS F. GLASSMAN (85678)
Bonezzi Switzer Polito & Hupp Co. L.P.A.
312 Walnut Street, Suite 2530
Cincinnati, Ohio 45202
Phone  (513) 345-5500
Fax (513) 345-5510
ptrombetta@bsphlaw.com
tglassman@bsphlaw.com
*Attorneys for Defendant Louisville Mechanical Services Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been served via email and/or regular mail and the court's electronic filing system this 4th day of May 2021 upon:

Christopher M. Mayer, Esq.
Ferreri Partners, PLLC
614 West Main Street, Suite 5500
Louisville, Kentucky 40202
cmayer@ferrerilaw.com
*Counsel for Plaintiff*

William N. Clark, Esq.
Paul R. Bartolacci, Esq.
Cozen O'Connor
One Liberty Place
1560 Market Street, Suite 2800
Philadelphia, PA 19103
wclark@cozen.com
pbartolacci@cozen.com
*Counsel for Plaintiff, Pro Hac Vice*

John M. Hands, Esq.
Jason P. Conte, Esq.
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
jhands@ulmer.com
jconte@ulmer.com
*Counsel for Third-Party Defendant LG Electronics USA, Inc.*

Alexander M. Andrews, Esq.
Ulmer & Berne, LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215
aandrews@ulmer.com
*Counsel for Third-Party Defendant LG Electronics USA, Inc., Pro Hac Vice*

*VIA REGULAR MAIL:*
STEEL TECHNOLOGIES, LLC
Serve agent:
    Corporation Service Company
    421 West Main Street
    Frankfort, Ky 40601

    */s/ Patricia J. Trombetta*
    PATRICIA J. TROMBETTA (93008)