# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT FRANKFORT

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY<br>OF AMERICA<br>560 Lexington Avenue<br>New York, New York<br><br>Plaintiff,<br><br>v.<br><br>LOUISVILLE MECHANICAL SERVICES, INC.<br>11121 Plantside Drive<br>Louisville, Kentucky 40299<br><br>Defendant. | Case No.<br><br><br>**Jury Trial Demanded** |

## COMPLAINT

### PARTIES

1.  Plaintiff, Mitsui Sumitomo Insurance Company of America ("Mitsui"), is and was at all times relevant to this action a New York corporation with its principal place of business located at 560 Lexington Avenue, New York, New York, and at all times material hereto, was authorized to issue policies of insurance in Kentucky.

2.  Defendant, Louisville Mechanical Services, Inc. ("Louisville Mechanical"), is and was at all times relevant to this action a Kentucky corporation with its principal place of business located at 11121 Plantside Drive, Louisville, Kentucky, 40299 and, at all times material hereto, was engaged in the business of installing commercial HVAC equipment, including ductless heat pump and air conditioning units. Louisville Mechanical's Registered Agent for service of process is Aaron R. Thompson, 11121 Plantside Drive, Louisville, KY 40299.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is properly laid in this judicial district because this is the judicial district in which the claim arose.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Steel Technologies, LLC ("Steel Technologies") was the owner and operator of a steel processing facility located at 3985 U.S. Route 42, in Ghent, Kentucky.

6. In February of 2018, Steel Technologies hired and contracted with Louisville Mechanical for Louisville Mechanical to install and wire an LG ductless heat pump air conditioning unit at the Steel Technologies Ghent facility, including the installation of the indoor and outdoor portions of the HVAC unit.

7. Louisville Mechanical, for valuable consideration, did undertake the job of installing the LG ductless unit, including wiring the outdoor unit to the indoor unit which was located in the operator's pulpit at the Ghent facility.

8. At all times material hereto, Mitsui provided property insurance to Steel Technologies for the Ghent facility. Policy Number FIR 1122508 with effective dates from 01/31/2019 to 01/31/2020.

9. On April 22, 2019, the LG ductless indoor unit that was located inside of the operator's pulpit failed, arced and caused a fire at Steel Technologies' Ghent facility.

10. The April 22, 2019 fire caused over $40,000,000.00 in fire, smoke and water damage to Steel Technologies' facility and equipment, a loss of business income and forced Steel Technologies to incur extraordinary expenses.

11. Pursuant to the terms of the aforementioned policy of insurance, Mitsui reimbursed its insured in an amount in excess of $40,000,000.00 for damages resulting from the fire.

12. In accordance with the common law principles of legal and equitable subrogation, and the provisions within the insurance policy, Mitsui is subrogated to the rights of its insured with respect to any claims against defendants.

## COUNT I
## NEGLIGENCE v. LOUISVILLE MECHANICAL

13. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

14. Louisville Mechanical installed the LG ductless unit, including the inside and outside portions in the normal course of business.

15. Louisville Mechanical was negligent in installing the LG ductless unit in the following ways:

   (a) Failing to properly wire the outdoor and indoor units together;

   (b) Attaching the wrong wires to the wrong terminals for the indoor and outdoor units;

   (c) Failing to follow the installation and wiring instructions for the LG unit;

   (d) Failing to warn about the dangers of using the LG unit in the Ghent facility;

   (e) Failing to properly train, educate and supervise its agents, employees, workmen and representatives with respect to the safe and proper installation of ductless HVAC units;

3

(f) Failing to properly test and inspect the installation of the LG ductless HVAC unit at the Steel Technologies Ghent facility;

(g) Failing to properly select the appropriate ductless HVAC unit for use at the Steel Technologies Ghent facility

16. The foregoing negligent acts and omissions of Louisville Mechanical caused an electrical failure interior to the inside portion of the LG ductless unit which caused the fire and resulting damages.

17. The negligence, carelessness, acts and omissions of defendant Louisville Mechanical was the legal and proximate cause of the damages sustained by the Plaintiff.

WHEREFORE, plaintiff demands judgment against defendant Louisville Mechanical in an amount of $40,000,000.00 exclusive of interest and costs, together with such other relief as the Court deems appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF WORKMANLIKE SERVICES- VS. LOUISVILLE MECHANICAL

18. Plaintiff incorporate by reference the foregoing paragraphs as though fully set forth herein.

19. Louisville Mechanical impliedly warranted that the work it performed with respect to the LG ductless HVAC unit at the Steel Technologies Ghent facility in February 2018 would be performed in a good and workmanlike manner, consistent with the applicable standard of care and free of defects.

20. Louisville Mechanical breached its implied warranty of good and workmanlike service for the reasons set forth in paragraph 15 above which is incorporated herein as though fully set forth.

21. Louisville Mechanical's breach of its implied warranty of good and workmanlike service was the legal and proximate cause of the damages sustained by the Plaintiff.

4

WHEREFORE, Plaintiff request judgment in its favor in the amount in excess of $40,000,000, exclusive of interest and costs, together with such other relief as the Court deems appropriate.

PLAINTIFFS,

By Their Attorney

BY: _____
Christopher M. Mayer, Esq.
Ferreri Partners, PLLC
614 West Main Street, Suite 5500
Louisville, KY 40202
Phone: (502) 459-2685 (ext.114)
Fax: (502) 625-0050
Email: cmayer@ferrerilaw.com
*Attorney for Plaintiff,*
*Mitsui Sumitomo Insurance Company of America*

OF COUNSEL:
COZEN O'CONNOR
WILLIAM N. CLARK, ESQUIRE
PAUL R. BARTOLACCI
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4101
Email: wclark@cozen.com
       pbartolacci@cozen.com